## Pledge of Assets by Public Depositaries.

SAYLOR, Deputy Attorney General, September 10, 1931.— You have requested an opinion on the right of banks and trust companies under your supervision to pledge assets as collateral to secure the deposit of public funds.

As far as trust companies are concerned, the Act of May 29, 1895, P. L. 127, amending the Act of May 9, 1889, P. L. 159, provides that trust companies have the power "to receive deposits of moneys and other personal property and issue their obligations therefor." This has been interpreted by the Supreme Court of the Commonwealth in Cameron *v.* Christy, 286 Pa. 405 (1926), to mean that a trust company has authority to pledge its assets to secure county funds deposited in the name of a delinquent tax collector. The court, in the course of its opinion, held, at page 409, as follows:

". . . The power to issue an 'obligation' for a deposit fairly implies a power to pledge securities therefor when necessary to safeguard the return of the deposit when called upon by the depositor. The conditions on which the deposit was made worked no hardship on other depositors. Presumably their deposits were made more secure by the additional business secured by the company through the large deposits made by defendant. . . ."

Although the facts in that case had to do entirely with a trust company incorporated under the provisions of the Act of April 29, 1874, P. L. 73, as amended, the court went so far as to say that a bank created by the Commonwealth had the same power.

The Act of May 13, 1876, P. L. 161, as amended, which is popularly known as the General Banking Act, contains no provision authorizing banks to pledge assets to secure deposits. There is, however, nothing in the act or in subsequent legislation which prohibits such procedure.

In the case of Ahl v. Rhoads, 84 Pa. 319 (1877), it was held that the Farmers' and Mechanics' Bank of Shippensburg, which was incorporated on April 11, 1862, by a special act of the legislature, had the power to pledge a mortgage to secure the deposit of a private individual. Subsequently, this mortgage was foreclosed and the bank became owner of the property securing it. It, in turn, gave its own mortgage against the property as substituted collateral to secure the private deposit. The Supreme Court, in upholding the right of the bank to make such pledge, said, at page 324:

". . . The same land was bound, the same remedies were reserved, and the same indebtedness remained. The power belongs to a corporation as to an individual, unless restrained by its charter or by other statutes, to assign its property or effects to pay preferred creditors, without the authority or consent of its stockholders: Dana v. The Bank of the United States, 5 W. & S. 223. The power of this bank to secure its debt to the plaintiff in the mode adopted here has not been destroyed or impaired by the constitutional provision and the legislation under it, which the defendants have invoked. . . ."

In Dana v. The Bank of the United States, 5 W. & S. 223 (1843), it was held that The Bank of the United States, through its board of trustees, could exercise the power belonging to a corporation as to an individual, to assign its property and effects in trust to pay certain preferred creditors without the authority or consent of the stockholders, unless it be restrained by its charter or other legal provision.

There seems to be no subsequent decision of our courts on the question whether a Pennsylvania bank may pledge its assets as collateral for deposits. Certainly there is nothing in the cases overruling the decision of the court in Ahl v. Rhoads, supra. It would seem to be the law that it may do so. As was said by Mr. Justice Frazer in Cameron v. Christy, supra, at page 410:

". . . It surely cannot be contrary to public policy to follow a practically universal custom established by long usage and good business and which has likewise the sanction of the federal government in the deposit of its funds in national banks. In fact, we find it difficult to see in what respect an arrangement intended to safeguard public money on deposit in banks could be deemed contrary to public policy. The greater the precautions taken the better the public is secured. . . ."

To summarize:

(1) It is clearly the law of this Commonwealth that a trust company may pledge its assets to secure the deposit of public funds;

(2) There is no statute prohibiting a bank from doing likewise, and, in our opinion, it may lawfully make such a pledge if at the time it is solvent. If it is insolvent, other depositors and creditors of the bank might attack the pledge as a preference in favor of a single depositor. We express no opinion on the question whether such an attack would be successful.

Therefore, you are advised that solvent banks and trust companies under your supervision may pledge assets to secure the deposit of public funds held by them.

From C. P. Addams, Harrisburg, Pa.